IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 JUN -2 PM 3:23

CLERK J. Hooks
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 303-011 |
| | * | |
| ANTONIO W. SMITH | * | |

**O R D E R**

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Antonio W. Smith has filed such a motion. The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the First Step Act, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release under this statute. However, Section 603(b) of the First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting

administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). Here, Defendant has neither averred nor provided evidence that he has complied with this process. Accordingly, Defendant's motion is premature and must be denied.

Moreover, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission in consideration of compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition;[1] (2) advanced age; and (3) family circumstances. Id.

---

[1] Defendant states that he suffers from hypertension, a tumor in his thyroid, nerve damage in his lower lumbar, and is pre-diabetic. However, the Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Here, Defendant has failed to satisfy his burden to show he is entitled to compassionate release because he has presented no evidence that his ailments, even in aggregation, qualify him as having a serious medical condition. Moreover, Defendant's generalized concerns about COVID-19 are insufficient to uniquely

2

n.1(A)-(C). Defendant has not met the specific criteria for any of these categories. The application note also provides a catch-all category: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release. In short, the Court would deny Defendant's motion for compassionate release on the merits because he does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford him relief.[2]

---

position him to be so adversely affected by COVID-19 that his release is warranted. The Court particularly notes that UPS McCreary in Pine Knot, Kentucky, currently has no confirmed cases of COVID-19 in its inmate population. See www.bop.gov/coronavirus (last visited on June 1, 2020).

[2] The Court notes that Defendant has cited cases that have held that district courts may now consider whether extraordinary and compelling reasons for compassionate release exist outside of the three enumerated reasons listed in U.S.S.G. § 1B1.13 n.1. This Court, however, believes that the policy statement of the United States Sentencing Commission remains an appropriate and valid statement of policy, which this Court must follow. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act of 2018 *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement

3

Finally, to the extent that Defendant wishes to challenge the legality of his conviction and sentence by raising an argument that his prior convictions may no longer be used to enhance his sentence, he must file a petition for habeas relief under 28 U.S.C. § 2255.

Upon the foregoing, Defendant Antonio W. Smith's motion for compassionate release (doc. no. 80) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").