IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
UNITED STATES OF AMERICA       *
                               *
     v.                        *      CR 303-011
                               *
ANTONIO W. SMITH               *
```

### O R D E R

On June 2, 2020, the Court denied Defendant Antonio W. Smith's motion for compassionate release. Presently, he has filed a motion for reconsideration, attaching additional information for consideration.

"[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case." United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013). Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases. United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010). In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors

of law or fact." <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).

Here, Smith presents evidence that he has exhausted his administrative remedies (Mot. for Recon., Doc. No. 82, Ex. 1, at 2); but because the Court also denied Smith's motion for compassionate release on the merits, this new information is immaterial. Smith also presents evidence that his place of confinement, UPS McCreary in Pine Knot, Kentucky, had a confirmed case of COVID on April 8, 2020. (<u>See</u> <u>id.</u> at 1.) The Court's previous reference to the number of cases reported at UPS McCreary is to *active* cases; as of June 1, 2020, the Bureau of Prisons had reported no active cases at UPS McCreary. (<u>See</u> Order of June 2, 2020, at 2-3 n.1.) At the most recent check, UPS McCreary still has no *active* cases within its inmate population, and the Bureau of Prisons lists one inmate who has recovered. <u>See</u> <u>www.bop.gov/coronavirus/index.jsp</u> (last visited July 9, 2020). In point of fact, neither the Bureau of Prison's current report nor Smith's "new evidence" sways the Court to alter its conclusion that Smith has not shown he is uniquely positioned to warrant compassionate release. Finally, Smith attaches a list of numerous cases in which district courts have granted compassionate release, many of which having concluded that the First Step Act now gives a federal district court discretion to grant compassionate release for any reason it finds extraordinary and compelling under U.S.S.G.

§ 1B1.13 n.1(D). This Court recognizes the split of authority on this issue. Nevertheless, the Court adheres to its conclusion that the Policy Statement of U.S.S.G. § 1B1.13 remains valid as written; thus, the catch-all category of Application Note 1(D) requires the recommendation of the Director of the Bureau of Prisons.

Upon the foregoing, Defendant Smith's motion for reconsideration (doc. no. 82) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of July, 2020.

---
UNITED STATES DISTRICT JUDGE